**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | | |
|---|---|---|
| FAB HABITAT CORPORATION, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 2:23-cv-2545 |
| v. | : | |
| | : | |
| LUSH AMBIENCE INC and SAHIL | : | **COMPLAINT** |
| PLASTIC PVT LTD, | : | |
| | : | |
| Defendants. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff, FAB HABITAT CORPORATION, by and through the undersigned sues LUSH AMBIENCE INC and SAHIL PLASTIC PVT LTD ("Defendants") for damages based on copyright infringement, trademark infringement and related business torts.

## SUMMARY OF COMPLAINT

Parties are competitors on AMAZON for household goods, namely rugs. In 2013, Plaintiff created a unique pattern-design "Cancun Sunset" which it applied to and sold on rugs. Based on uniqueness of the pattern-design, its promotion and marketing efforts, the Cancun Sunset became one of Plaintiff's top sellers.

Upon learning of the product and its success, Defendant(s) decided to unfairly compete with Plaintiff by copying, advertising and selling knockoffs on AMAZON. The foregoing acts not only were unfair, but caused damage to Plaintiff's goodwill, infringed its intellectual property, and diverted customers and sales. Plaintiff has filed a DMCA complaint on AMAZON and suspended the unauthorized use, however the Defendant(s) filed a counter-notice thus requiring this action.

**THE PARIES**
PLAINTIFF – FAB HABITAT

1.      FAB HABITAT CORPORATION (herein, "Plaintiff" or "FAB HABITAT") is a New Jersey Corporation located and doing business in Monmouth County, New Jersey.

2.      Plaintiff advertises and sells household goods in New Jersey through large box retailers such as WALMART, KOHLS, BED BATH & BEYOND, on its website <www.fabhabitat.com> and through the interactive, on-line marketplace AMAZON where it receives and fulfils orders from consumers throughout New Jersey.

3.      Plaintiff owns US Copyright registration No. VA0002335626, titled, "Cancun Sunset" (Exh. A) and has made two DMCA complaints based on its copyright ownership against Defendants on AMAZON: (Complaint ID: 12620720751 and Complaint ID: 12620458711, Exh. B) for Defendants infringement of the registered copyright.

**DEFENDANTS**

4.      Defendant, LUSH AMBIENCE INC (LUSH AMBIENCE) purports to be a corporation in South Carolina. However, based upon reasonable belief and suspicion as according to publicly available records and information in the Internet, LUSH AMBIENCE INC is an alter ego of SAHIL PLASTIC PVT LTD (SAHIL PLASTIC), a company based in India.

5.      Under reasonable belief and suspicion, all assets, control and ownership of LUSH AMBIENCE originates and extends from India by SAHIL PLASTIC. All goods advertised, sold and delivered by LUSH AMBIENCE are manufactured, originate, owned and controlled exclusively in India by SAHIL PLASTIC to such extent that LUSH AMBIENCE serves as a means to shadow SAHIL PLASTIC and has no significant ties or connections with or to the state of South Carolina that exceed acts, conduct and presence in the State of New Jersey.

6.      Defendant regularly conducts business on AMAZON and offers merchandise on AMAZON including rugs that compete with Plaintiff, which are offered for sale to consumers in New Jersey, directed to be advertised to consumers in New Jersey and shipped to buyers and consumers throughout the State of New Jersey.

7.      Defendant regularly ships and import products to New Jersey, store products in facilities in New Jersey and crosses state lines of products through New Jersey. Orders for Defendants goods are fulfilled by agents located in the State of New Jersey using facilities in New Jersey as directed by Defendant, including but not limited to evidences of import records such as Bill of Lading nos. PGSMDEL222300062 and MAEU223534676.

8.      In response to the DMCA complaints (supra ¶ 3), Defendant filed a Counter-Notification under § 512(g) DMCA (Exh. C) alleging that its takedown or infringing acts was a mistake of the Plaintiff. Because the counter-notice was filed, DMCA requires a federal action to be filed in the court, otherwise the infringing advertisements would be reactivated, and Defendants would be allowed to continue acts complained of herein.

## JURISDICTION AND VENUE

9.      This Court has jurisdiction under 17 U.S.C. §101 et seq.; 28 U.S.C. §1331(federal question); and 28 U.S.C. §1338(a) (copyright and trademark). This Court has jurisdiction over infringement claims and claims for trademark infringement under 15 U.S. Code § 1121(a) and unfair competition asserted in this action pursuant to 28 U.S.C. § 1338(b).

10.     This Court has supplemental jurisdiction over the claims in the Complaint that arise under the statutory and common law of the State of New Jersey pursuant to 28 U.S.C § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

11.     This Court has personal jurisdiction over Defendants because they regularly

transact business in New Jersey thus purposefully availing each to laws of New Jersey.

## VENUE

12.     Venue is proper in the Court pursuant to 28 U.S.C. § 1391(b), 28 U.S. Code § 1332

and/or § 1400(a) because a substantial part of the events or omissions giving rise to the claims

asserted herein occurred within this District and were directed to this District.

13.     Venue is proper in the Court because Defendant, at all material times, was aware

Plaintiff is doing business in New Jersey and intended to injure Plaintiff in this District.

14.     Venue is proper in the Court because Amazon is located in this District Defendant

and there is no adequate alternative forum to hear the case (Fed. R. Civ. P. 4(k)(2)).

## COMMON ALLEGATIONS

15.     In 2013, FAB HABITAT created an original work consisting of a "unique pattern-

design" having been applied to a rug as in the following,



(Plaintiff's rug, the "Cancun Sunset").

16.     The unique, design pattern forming the Cancun Sunset is not functional. It is

marketed and advertised in this State through box retailers, Plaintiff's website

https://fabhabitat.com, and interactive, on-line marketplaces, such as AMAZON.

17.      Since its creation in 2013, the unique pattern-design has been exclusively used by Plaintiff and promoted by Plaintiff through significant sums of money on its website, its catalogues, sponsored and paid advertisements, unsolicited third-party writeups, and reviews, and on AMAZON.

18.      The product incorporating the copyrighted design is made of high-quality plastic fibers comprising recycled, premium polypropylene tubes. The rugs are extremely weatherproof and stain resistant and they are UV stabilized to be fade resistant.

19.      The product sold by Plaintiff to consumers comes with a 1-year warranty, shipped without folds or creases, is certified child-labor-free and pet friendly, and products have an average AMAZON rating of 4.7 out of 5 stars.

20.      Based on the unique pattern-design, the efforts of Plaintiff, and the consumers' enviable reception of the design and product quality, the Cancun Sunset became one of Plaintiff's bestselling products.

21.      Based on its originality, exclusive use, sponsorship, marketing, and sales, the unique pattern-design has acquired distinctiveness and/or secondary meaning such that the public recognizes the unique pattern on or in association with a high-quality, reliable products like rugs that originates exclusively from Plaintiff.

22.      In further support of its exclusive ownership of the unique pattern-design, Plaintiff applied for and was granted US Copyright registration in same, No. VA0002335626 (Exh. A).

## DEFENDANT UNLAWFUL ACTS

23.      Defendant, SAHIL PLASTIC PVT LTD (SAHIL PLASTICS) is located in India owned and controlled by MUJAMMIL MANSOOR KUDIA (Mr. Kudia) and ABU ZAHID (Mr. Zahid). Defendant controls and owns LUSH AMBIENCE and manufactures goods, such as mats that compete with Plaintiff.

24.     On or around sometime in 2022 to beginning 2023, Defendant became aware of the existence of Plaintiff's Cancun Sunset design on goods, namely Rugs based on a study of the marketplace, third-party reviews, and/or based on the high rankings and popularity on AMAZON, which information is publicly available and readily accessible on AMAZON by accessing "Amazon Best Sellers" https://www.amazon.com/gp/bestsellers and https://us.amazon.com/Best-Sellers/zgbs.

25.     Upon becoming aware of the design and implicated rug and its success, Defendant formulated a scheme to unfairly compete with Plaintiff and usurp the business and goodwill associated with the rug.

26.     According to the scheme, Defendant would advertise and sell and deliver to unsuspecting consumers in New Jersey a discounted, low-quality rug that looks like the same popular rug that originates from Plaintiff.

27.     Defendant would manufacture the infringing goods in India, have shipped and imported in New Jersey where the goods would be stored and transported across state lines to consumers that would place orders on AMAZON or though the website, https://lushambience.com/ that is owned, controlled and operated by SAHIL PLASTIC through its alter ego shell, LUSH AMBIENCE.

28.     Beginning at least sometime around end of 2022 or start of 2023 to the present, Defendant was advertising, and selling knockoffs in the state of New Jersey regularly, for example on AMAZON under the following ASIN Nos. B0BBB4DC5W and B0BBB2HM8B (collectively, the "Offending Rug").

29.     The knockoffs advertised and sold by Defendant may be found and are displayed in the same fashion to a consumer on AMAZON when searching for outdoor rugs and are also provided in the same results page, display, and advertisement as "Products related to this item", "Compare with similar items," "Customers also search," and/or "Brands you might like."

30.     The Cancun Sunset Rug and the Defendant's knockoffs are virtually identical however the quality of rugs offered by the Defendant is an inferior, poor quality, tripping hazard that damages easily and have unfavorable reviews.

31.     Defendant's Offending knockoffs are substantially similar, virtually identical, if not identical to the overall look, appearance, and impression of Plaintiff's Rug and apply the heart of the unique pattern-design protected by Plaintiff's US Copyright registration No. VA0002335626.

32.     A consumer seeing the Offending Rug knockoffs would believe it is identical and originating from the same source as Plaintiff's rug and would be misled to believe unfavorable reviews of Defendant represent Plaintiff and its quality of rugs, which is not true.

33.     On April 27, 2023, upon becoming aware of the Offending Rug advertised by Defendant on AMAZON, Plaintiff filed a DMCA complaint for each unauthorized use/violation, Complaint ID: 12620720751 and 12620458711, asserting its US Copyright registration No. VA0002335626.

34.     In response to each DMCA complaint, Defendant filed a Counter-Notification as authorized in § 512(g) of the DMCA and wrongfully accused Plaintiff of making a mistake (Exh B).

35.     By virtue of Defendant's disingenuous Counter-Notice, Plaintiff is required to bring this action before the District Court, which only serves to enhance Plaintiff's damages and unduly burden the Court.

36.     Not only did Plaintiff suffer damages from the foregoing acts of Defendant due to lost sales caused by infringement not limited to acts on AMAZON, but the goodwill earned on its design was damaged, particularly with respect to the consequence of public confusion and as to that of inferior quality knockoffs put into commerce. Plaintiff seeks monetary and equitable recourse as further alleged in the following counts.

**COUNT I**
**COPYRIGHT INFRINGEMENT, 17 US CODE § 501**

37.     Plaintiff realleges and incorporates all paragraphs and statements made in this filing as if fully set forth herein.

38.     Plaintiff owns US Copyright registration No. VA0002335626, the subject of which work is exclusively owned by Plaintiff and registered in accordance with the applicable statute, which registration encompasses the original work of unique pattern-design as provided therein. The registration of which is valid and enforceable.

39.     Plaintiff does not and has not authorized Defendant to make, import, use or copy in any way, any portion of the work subject to US Copyright registration.

40.     The aforesaid unauthorized use of the work on or in association with the Offending Rugs constitutes copyright infringement of Plaintiff's US Copyright of which acts were and are continuous beginning from at least as early as 2023 to the present.

41.     The foregoing acts are willful, intentional, and with indifference to the rights of Plaintiff. As a result of the infringement, Plaintiff is entitled to relief pursuant to 17 U.S.C. §§504 and 505 in the form of actual damages and any additional profits of the infringer, including costs and attorney's fees.

42.     Unless enjoined and restrained by this Court, the foregoing infringing acts will continue to cause irreparable injury to Plaintiff who has no adequate remedy at law.

43.     Pursuant to 17 U.S.C. §§502 and 503, Plaintiff is entitled to injunctive relief prohibiting further importing, advertising, using, making, or infringing US Copyright registration No. VA0002319943 and ordering all unauthorized copies of the Offending Rug and other articles that shall exist, to be destroyed or forfeited.

**COUNT II**
**UNFAIR COMPETITION, FALSE DESIGNATION OF ORIGIN 15 U.S.C. § 1125(a)**

44.     Plaintiff realleges and incorporates all paragraphs and statements made in this filing as if fully set forth herein.

45.     Plaintiff owns common law trademark rights in and to the unique pattern design which it uses for household goods, namely rugs (the "Plaintiff's Trademark").

46.     Plaintiff's Trademark is not functional and was willfully and intentionally copied advertised and sold by Defendant with knowledge of Plaintiff's rights, directed to injure Plaintiff known to be in this State. Plaintiff's unique pattern design has been in continuous use in U.S. interstate commerce by Plaintiff prior to any date which can be legally claimed by Defendant.

47.     Plaintiff's unique pattern design is inherently distinctive and/or has acquired distinctiveness and secondary meaning based on substantial promotion, sales, marketing, and use in U.S. commerce for at least about 10 years, which have earned it considerable revenues.

48.     Consumers associate the unique, pattern-design as originating exclusively from Plaintiff. Unauthorized use of the unique pattern design on Offending Rugs is found online for example, on AMAZON under the ASIN Nos. B0BBB4DC5W and B0BBB2HM8B, as sold and advertised by Defendant, and constitutes, among other things, false designations of origin and false/misleading representations of fact that are likely to cause confusion or mistake, or to deceive the public as to the origin, sponsorship, or approval of the Offending Rug, and violates of 15 U.S.C. § 1125(a), infringement and unfair competition.

49.     Unauthorized use of the unique pattern design on the Offending Rugs falsely represents ownership of Plaintiff's mark or something equivalent and offers what appears to be an equivalent version of same on AMAZON to the same consumer by Defendant.

50.     The advertisements are literally false and likely to deceive consumers and is a misrepresentation of the quality of its own goods.

51.     As a direct and proximate result of the foregoing acts, Plaintiff has suffered injury, including irreparable injury, and damages, including lost profits, royalties, and other damages in an amount to be determined at trial.

52.     Because foregoing acts of infringement are willful, Plaintiff is entitled to damages, and that those damages be trebled, under 15 U.S.C. § 1117. And this is an exceptional case making Plaintiff eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

## COUNT III
### TRADEMARK INFRINGEMENT, NJ STATE N.J.S.A. § 56:4-1

53.     Plaintiff realleges and incorporates all paragraphs and statements made in this filing as if fully set forth herein.

54.      On information and belief, Defendant has made and will continue to make substantial profits and gains to which it is not entitled, neither as a matter of law nor equity. And, Defendant will continue its injurious acts, unless restrained by this Court. Plaintiff has and continues to face direct financial loss, lost dealings, accounting of profits and otherwise has no adequate remedy at law.

55.      The misappropriation of Plaintiff's commercial advantage by Defendant was committed with the intent to cause confusion or mistake or deception and inflicted in reckless disregard for Plaintiff's rights.

56.	There is a likelihood of confusion caused by Defendant's unauthorized acts complained of herein, whereby said use and sale of the Offending Rug severely affects the marketplace competition, constitutes infringement, misappropriation, and is in violation of N.J.S.A. 56:4-1, et seq.

57.	The conduct was in bad faith, harmful to Plaintiff, and as such supports an award of exemplary and punitive damages in an amount sufficient to punish and deter such conduct in the future. Plaintiff is entitled to injunctive relief prohibiting further ongoing infringement of its intellectual property and is entitled to recover all damages, including attorneys' fees that Plaintiff has and will sustain, including all gains, profits, and advantages wrongfully obtained by Defendant in an amount to be determined at trial.

## COUNT IV
## TRADEMARK INFRINGEMENT, NJ COMMON LAW

58.	Plaintiff realleges and incorporates all paragraphs and statements made in this filing, as if fully set forth herein.

59.	Plaintiff owns all rights, title, and interest in and to Plaintiff's unique pattern-design as applied to or used in association with goods, namely, rugs.

60.	Defendant has been and continues to infringe Plaintiff's unique pattern-design in New Jersey by making, advertising, using, and selling Offending Rugs in this State.

61.	Defendant's infringing activities have not been approved, authorized, or otherwise consented to by Plaintiff.

62.	Defendant's infringing activities have caused, are likely to cause, and are causing confusion, mistake, and/or deception on the part of consumers regarding the source, origin, and quality of Plaintiff's goods under Plaintiff's Trademark.

63.     Defendant's infringing activities have caused, are likely to cause, and are causing confusion, mistake, and/or deception on the part of consumers regarding the association (or lack thereof) between Defendant and Plaintiff, or as to the origin, sponsorship, or approval of goods under Plaintiff's unique pattern-design.

64.     Defendant's infringing activities misrepresent the nature, characteristics, qualities, and origin of Plaintiff's goods promoted under Plaintiff's Trademark.

65.     Defendant's infringing activities have caused and are continuing to cause damage to Plaintiff in an amount that is difficult to quantify.

66.     Defendant's infringing activities have caused, and continue to cause, irreparable harm to Plaintiff, its reputation, Plaintiff's Trademark, and associated goodwill.

67.     Defendant's infringing activities constitute common law infringement of Plaintiff's Trademark.

68.     Defendant has been and continues to infringe Plaintiff's Trademark with full knowledge and with willful and reckless disregard for Plaintiff's common law rights, while knowing Plaintiff's unique pattern-design is exclusively that of Plaintiff.

69.     Defendant's conduct is intentional, willful, wanton, fraudulent, and malicious, and is undertaken with purposeful intent to reap the benefit of the goodwill, popularity, creativity, and notoriety of Plaintiff's unique pattern-design, reserved for Plaintiff.

70.     Unless enjoined and restrained by this Court, Defendant will continue to engage in such infringing activities, that irreparably and continuously harm and injure Plaintiff and deceive the public.

71.     Plaintiff has no adequate remedy at law in that Defendant will continue its infringing activities unless otherwise intercepted by the court.

## COUNT V
## NJ COMMON LAW UNFAIR COMPETITION

72.     Plaintiff realleges and incorporates by reference all paragraphs and statements made in this filing as if fully set forth herein.

73.     Defendant advertises, sells, and promotes unauthorized knockoff rugs that contain the unique pattern-design owned by Plaintiff.

74.     Defendant not only knowingly and intentionally copied the unique pattern-design owned by Plaintiff, but also, it made a false DMCA counter-notice on AMAZON against Plaintiff, which it knew to be false, in order to remove its suspension, continue to redirect sales, and gain an unfair competitive advantage.

75.     The infringing knockoffs offered by Defendant have inferior quality and are also sold at a lesser price and as a result diverted customers from Plaintiff to Defendant for what a consumer falsely believed was the identical rug sold by and/or originated from Plaintiff because it contained the unique pattern-design owned by Plaintiff.

76.     Defendant's conduct constitutes unfair competition by capitalizing on the goodwill associated with Plaintiff's intellectual property rights alleged herein.

77.     The actions of Defendant were done deliberately and intentionally, and directed at Plaintiff in New Jersey, with the expectation that Plaintiff would suffer damage in New Jersey.

78.     The actions of Defendant as alleged herein created the likelihood of confusion by misleading the public as to the source, sponsorship, association, or affiliation of the counterfeit, knockoff rugs it advertises and sells bearing Plaintiff's unique, design pattern, in violation of common law unfair competition of the State of New Jersey.

79.     The actions of Defendant alleged herein were committed with the intention of passing off or palming-off products as if such products were those of Plaintiff, with the intent to deceive and defraud the public, in violation of the common law of unfair competition of the State of New Jersey.

80.     Defendant's conduct of palming-off knockoffs caused confusion in the marketplace and caused Plaintiff to be injured. As a result, Plaintiff suffered damages in an amount not yet ascertained and is entitled to the remedies under New Jersey's common law of unfair competition.

## COUNT V
## UNJUST ENRICHMENT

81.     Plaintiff realleges and incorporates by reference all paragraphs and statements made in this filing as if fully set forth herein.

82.     Defendant has received a benefit by selling the Plaintiffs protected works by diverting costumers and profits from the Plaintiff and the Defendants retention of these benefits without payment would be unjust and inequitable.

## PRAYER FOR RELIEF

DEMAND FOR JURY TRIAL Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by a jury on all issues triable by right of jury. WHEREFORE, Plaintiff, FAB HABITAT CORPORATION respectfully requests the Court find in favor of Plaintiff on all counts and in doing so,

A.     Declare US Copyright registration No. VA0002335626 is valid and enforceable, and the subject design is enforceable as a Trademark for Rugs;

B.    Find Defendants liable to Plaintiff for unfair competition, trademark infringement, and copyright infringement under Federal and State laws and award statutory damages;

C.    Enter an injunction against Defendants from making, using, or advertising the Offending Rugs, or goods which use a design pattern that is confusingly similar to Plaintiff's Trademark or that incorporates Plaintiff's US Copyright registration No. VA0002335626;

D.    Order destruction of any and all Offending Rugs;

E.    Award Plaintiff damages, lost profits, Defendant's profits, and in view of the foregoing further award enhanced damages including putative, treble, costs, and attorney's fees.


I declare under penalty of perjury that the foregoing is true and correct. Signed this 9th day of May 2023.

The DeFrancesco Law Firm PLLC

Jason Lee DeFrancesco, 099602018
110 Dungannon Blvd., Ste 101
Wilmington, NC 28403
jasond@defrancesco.law


Attorney for Plaintiff, *Fab Habitat Corporation*